UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LARRY AND ETHEL ARMSTRONG | CIVIL ACTION NO. 04-2002 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| HERCULES INCORPORATED, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment filed by defendant, Miller Transporters, Inc. (Miller) and its driver, Mark Andrews (Andrews), **Doc. #44**, referred to me by the district judge.

This is a suit for damages as a result of an on-the-job slip and fall accident which occurred on September 30, 2003. Plaintiff, Larry Armstrong (Armstrong) is a longtime employee of International Paper Company (IP) at its Pineville, Louisiana plant. During the course and scope of his employment, Armstrong slipped and fell in the "stock chest pump area" of the IP plant. It was determined that plaintiff slipped on polymer[1] which was on and near a floor drain grate. The substance is difficult to see and is known to be extremely slippery, especially when water is added or applied to it.

Plaintiff Armstrong sued Hercules, the seller of the polymer and Miller Transporters, Inc. (Miller) the common carrier which

---

[1] Polymer is a hydrocarbon based "plastic" material used in papermaking to bind the wood fibers during the manufacturing process. The polymer which is the subject of this suit was in a viscous, liquid form.

delivered the product to the IP mill and also sued Miller's employee, the driver of the delivery truck, Andrews, who spilled the polymer on which plaintiff slipped.

IP has a contract under which the polymer is purchased from Hercules. Hercules, in turn, has a contract with Miller under which Miller delivers the polymer to IP by placing it into tanks at the IP mill.

Miller and Andrews have filed this motion for summary judgment arguing that they should be exonerated from liability due to the intervening or superseding fault and negligence of IP and Hercules in failing to discover and clean up the spill.

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest

upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the

non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

## Analysis

On the day Miller's driver, Andrews, delivered the polymer to IP, one of two storage tanks into which the polymer was pumped overflowed. That area was "roped off" with warning tape and was

4

eventually cleaned by a Hercules employee. On that same day, unbeknownst to anyone until after Armstrong's accident eight days later, the driver, Andrews, upon completion of delivery of the polymer, improperly drained his delivery hose of remaining polymer into a floor drain in the "stock chest room", some 70 feet or so away from where the storage tanks stood.

Miller and Andrews argue that Hercules had a duty to clean the spill and failed to do so. They further argue that IP had made some 32 inspections of the area where the accident occurred and had failed to discover or clean the spill.

In a separate Report and Recommendation issue this date with regard to the Motion for Summary Judgment filed by Hercules, Doc. 40, I found that Hercules had no duty to plaintiff and was not negligent or at fault. Therefore, I adopt the reasoning and conclusions stated in that Report and I find here that Hercules' actions or inactions did not constitute intervening or superceding fault or negligence so as to relieve Miller and Andrews of liability.

Miller and Andrews argue that their fault, if any, was not a proximate cause of the accident and injury to plaintiff Armstrong. They argue there was no proximate relation between the actions of the defendants and the accident eight days later. Instead, they suggest that it was the intervening negligence of IP in failing to identify and clean the spill which was the proximate, or sole legal

cause, of the accident.

It is undisputed that the negligence of Andrews in spilling or dumping the polymer into the floor grate was a legal cause or cause in fact of the accident. The Supreme court has held that "[n]egligent conduct is a cause in fact of harm to another if it was a substantial factor in bringing about that harm". <u>Socorro v. City of New Orleans</u>, 579 So.2d 931, 939 (La. 1991), citing <u>Dixie Drive It Yourself Sys. V. American Beverage Co.</u>, 137 So.2d 298, 302 (La. 1962). Had the polymer not been spilled, the accident would not have occurred. The issue is whether the spilling of the polymer was also the proximate cause of the accident.

Proximate cause is generally defined as any cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of and without which the result would not have occurred. <u>Sutton v. Duplessis</u>, 584 So.2d 362 (La.App. 4th C. 1991). A defendant whose negligent act is a cause in fact of injury is not necessarily insulated from liability by the intervening negligence of another. <u>Miller v. Louisiana Gas Service Company</u>, 601 So.2d 700 (La.App. 5th C. 1992). The Louisiana Supreme Court has rejected the contention that where an accident is caused by the combined negligence of two or more parties, only the last is liable. <u>Murphy v. Central Louisiana Electric Company</u>, 261 So.2d 694 (La.App. 3rd C. 1972). Further, the doctrine of comparative negligence further weakens the argument

that the more remote cause should be ignored. Even the passage of great periods of time between a cause-in-fact and resultant injury is not sufficient to cut off liability. Miller, supra, p. 705.

On the other hand where, for example, the intervening negligence is independent of the original negligence (see Reeves v. Louisiana and Arkansas Ry. Co., 282 So.2d 503 (La. 1973)) or supersedes the original negligence (Mizell v. State, 398 So.2d 1136 (La.App. 1st C. 1980)) the original tortfeasor may escape liability.

As Professor Prosser has observed:

> Obviously, the defendant cannot be relieved from liability by the fact that the risk, or a substantial and important part of the risk, to which he has subjected the plaintiff has indeed come to pass. Foreseeable intervening forces are within the scope of the original risk, and hence of the defendant's negligence....
> ***
> The risk created by the defendant may include the intervention of the foreseeable negligence of others.... The question is essentially one of the defendant's original obligation, and far removed from causation.
> ***
> [O]rdinarily a defendant is not free to rely upon others to avert the danger which he creates. W. Prosser, Law of Torts (4th Ed. 1971) at p. 273-4.

In this case, it was entirely foreseeable that, once the polymer was spilled on the floor, it might not be cleaned up. Stated differently, the risk that the spill might not be promptly or properly cleaned up was within the duty imposed on Miller not to create a hazard in the first place. See <u>Miller</u>, supra at p. 705; <u>Domingue v. State</u>, 490 So.2d 772 (La.App. 3rd C. 1986); <u>Murphy v. Central Louisiana Electric Company</u>, 261 So.2d 694 (La.App. 3rd C. 1972).[2]

Miller and Andrews cannot escape liability because someone else failed to clean up their mess.

In summary, I find that there are genuine issues of material fact as to whether Miller and Andrews were negligent or otherwise legally responsible to plaintiffs and that Miller is not entitled to judgment as a matter law. For the foregoing reasons IT IS RECOMMENDED that Miller's motion for summary judgment, **Doc. #44**, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a

---

[2] Compare <u>Sutton v. Duplessis</u>, 584 So.2d 362 (La.App. 4th C. 1991); <u>Graham v. Amoco Oil Company</u>, 21 F.3d 643 (5th C. 1994); <u>DiLeo v. Ryder Truck Rental, Inc</u>, 480 So.2d 1006, 1007 (La.App. 4th C. 1986).

copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of February, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE